Martin B. Stecher, J.
The defendant, charged with a felony but not as yet tried, was referred for psychiatric examination pursuant to CPL article 730. Both psychiatrists found him to be "not fit to proceed”; neither his attorney nor the District Attorney sought a hearing (CPL 730.30); and the reports of the psychiatrists have been confirmed without a hearing.
CPL 730.50 (subd 1, as amd) provides: "When a superior court, following a hearing conducted pursuant to subdivision three or four of section 730.30, is satisfied that the defendant is not an incapacitated person, the criminal action against him must proceed. If it is satisfied that the defendant is an incapacitated person, or if no motion for such a hearing is made, it must adjudicate him an incapacitated person, and must issue a final order of observation or an order of commitment. When the indictment does not charge a felony or when the defendant has been convicted of an offense other than a felony, such court (a) must issue a final order of observation committing the defendant to the custody of the commissioner for care and treatment in an appropriate institution for a period not to exceed ninety days from the date of such order and (b) must dismiss the indictment filed in such court against the defendant, and such dismissal constitutes a bar to any further prosecution of the charge or charges contained in such indictment. When the indictment charges a felony or when the defendant has been convicted of a felony, it must issue an order of commitment committing the defendant to the custody of the commissioner for care and treatment in an appropriate institution for a period not to exceed one year from the date of such order. Upon the issuance of an order of commitment, the court must exonerate the defendant’s bail if he was previously at liberty on bail.”
The statute, if literally enforced, is of dubious constitutionality.
*37 "There can be no doubt that involuntary commitment to a mental hospital, like involuntary confinement of an individual for any reason, is a deprivation of liberty which the State cannot accomplish without due process of law” (O’Connor v Donaldson, 421 US 943). Moreover, a person who is merely charged with crime is denied equal protection of the law should he be subjected "to a more lenient commitment standard and to a more stringent standard of release than those generally applicable to all others not charged with offenses” (Jackson v Indiana, 406 US 715, 730).
A person who is not accused of crime and who is certified by two physicians "to be mentally ill and in need of involuntary care and treatment” (Mental Hygiene Law, § 31.27) is the beneficiary of numerous procedural and substantive statutes. He is entitled to certain notice provisions (Mental Hygiene Law, § 31.29); the right to a hearing within 60 days from the date of involuntary admission to the hospital (Mental Hygiene Law, § 31.31); and if the director of the hospital shall determine that the individual continues to be in need of retention contrary to the desire of the patient, he must apply to the Supreme Court for the right to retain such a patient "no later than 60 days from the date of involuntary admission” (Mental Hygiene Law, § 31.33). If no hearing is requested and the court is satisfied that the patient "requires continued retention for care and treatment”, the court may authorize his continued retention for a period not to exceed six months from the date of the order (Mental Hygiene Law, § 31.33). Thereafter, following the six-month retention, a similar procedure may be followed except that orders of retention may be made from time to time not exceeding one year each. Within 30 days after the making of any such order of retention, a person so confined may demand that the issue of continued retention be submitted to trial by jury (Mental Hygiene Law, § 31.35).
It is thus apparent that the statutes create categories with rights which differ substantially for people who are accused of crime and people who are not accused of crime; and create substantially differing rights for people who are accused of misdemeanors when contrasted with those who are accused of felonies. Procedural safeguards, however, which are available to a person about to be civilly committed to a mental institution must be made available to a defendant in a criminal case, particularly, where his guilt has not been adjudicated (Jack *38 son v Indiana, supra; United States ex rel. Schuster v Herold, 410 F2d 1071, 1081, cert den 396 US 847; Baxtrom v Herold, 383 US 107). Such is not the case under CPL 730.50 and the statute does not therefore, as written, meet constitutional standards.
Another distinction which is readily discernible is the distinction which CPL 730.50 draws between persons accused of felonies and accused of misdemeanors. Where the defendant is determined to be incapacitated but has only been accused of a misdemeanor, the court "must issue a final order of observation committing the defendant to the custody of the commissioner for care and treatment * * * for a period not to exceed 90 days”. Where the defendant found to be incapacitated is accused of a felony, the court "must issue an order of commitment committing the defendant * * * for care and treatment * * * for a period not to exceed one year from the date of such order.” (Emphasis supplied.) It is obvious that the term of care and the nature of treatment are governed not by the patient’s need but by the nature of the accusation which has been made against him. Such a distinction is constitutionally impermissible.
Where a statute, particularly a statute of the nature of CPL article 730 contains constitutional impediments, the court has the right and the obligation to interpret the statute to preserve its constitutionality (Matter of Bell v Waterfront Comm. of Ñ. Y. Harbor, 20 NY2d 54, 62; People v Lally, 19 NY2d 27, 30). Accordingly, I interpret subdivision 1 of CPL 730.50 to require that the provisions of the Mental Hygiene Law, above cited, shall govern the custody of the defendant in the care of the Commissioner of Mental Hygiene. The commissioner shall receive the defendant for observation for a period not exceeding 60 days (Mental Hygiene Law, § 31.27); upon receipt of the defendant, the commissioner shall comply with the provisions of section 31.29 of the Mental Hygiene Law and the patient’s rights and the right of the commissioner to retain the patient shall be governed by sections 31.31, 31.33 and 31.35 of the Mental Hygiene Law, except, however, that the defendant shall not be released or discharged by the commissioner except on court order.
I acknowledge that the foregoing is in conflict with subdivision 2 of CPL 730.50 as well, for that statute authorizes a defendant’s retention in custody as long as he is incapable of standing trial (CPL 730.10, subd 1), conceivably for the rest of *39 his life. This section clearly violates the teaching of Jackson v Indiana (supra).
The order of observation is signed herewith.